IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRISTINE FAUSTINO,

              Plaintiff,

    v.

EGG HARBOR TOWNSHIP, <u>et al.</u>,

              Defendants.

Civil Action
No. 07-4067 (JBS)

**MEMORANDUM OPINION**

**Simandle, District Judge**:

This matter is before the Court on the motion of Plaintiff Christine Faustino to file a late notice of tort claim [Docket Item 4].  For the reasons explained below, the Court shall grant the motion and permit this action to proceed.

1.  In this action Plaintiff asserts, among other claims, constitutional and tort claims against Egg Harbor Township, a public entity, and Officer DeAngelis, a public employee.[1]  The New Jersey Tort Claims Act (the "Tort Claims Act") states that "[n]o action shall be brought against a public entity or public employee under [the Tort Claims Act] unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter."  N. J. Stat. Ann. 59:8-3. Specifically, under the Act, a claimant must sign and file a

---

    [1]  Although the parties are New Jersey residents, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 over Plaintiff's federal and state claims asserted against Egg Harbor because they are all part of the same case or controversy.

notice of tort claim (a "Notice of Claim") with the public entity

within 90 days from accrual of the cause of action.  Id. at 59:8-

8.[2]  After the Notice of Claim is filed, a plaintiff must wait

six months before filing suit against the public entity or

employee in an appropriate court.  Id.

    2.  N.J. Stat Ann 59:8-9 establishes an exception to the

requirement that a claimant file a Notice of Claim within ninety

days from the date of accrual of a claim.[3]   Under Section 59:8-

---

[2]  N.J. Stat. Ann. 59:8-8, states:

> A claim relating to a cause of action for
> death or for injury . . . to person . . .
> shall be presented as provided in this chapter
> not later than the ninetieth day after accrual
> of the cause of action.  After the expiration
> of six months from the date notice of claim is
> received, the claimant may file suit in an
> appropriate court of law. The claimant shall
> be forever barred from recovering against a
> public entity or public employee if:

>   a.   He failed to file his claim with the public
>        entity within 90 days of accrual of his claim
>        except as otherwise provided in section 59:8-9
>        . . . .

[3]  N. J. Stat. Ann. 59:8-9 states, in pertinent part:

> A claimant who fails to file notice of his
> claim within 90 days as provided in section
> 59:8-8 of [the Tort Claims Act], may, in
> discretion of a judge of the Superior Court,
> be permitted to file such notice at any time
> within one year after the accrual of his claim
> provided that the public entity or the public
> employee has not been substantially prejudiced
> thereby.  Application   to   the   court   for
> permission  to  file  a  late  notice  of  claim

9, upon a motion from the claimant supported by affidavits, the

district court has discretion to allow late filing of a Notice of

Claim if made within one year of the claim accrual date provided

that (1) the claimant seeking to file a late claim shows reasons

constituting "extraordinary circumstances" for the claimant's

failure to meet the 90-day filing requirement and (2) that the

defendant(s) are not "substantially prejudiced thereby."[4]  N. J.

Stat. Ann. 59:8-9.  The existence of "extraordinary

---

> shall be made upon motion supported by
> affidavits based upon personal knowledge of
> the affiant showing sufficient reasons
> constituting extraordinary circumstances for
> his failure to file notice of claim within the
> period of time prescribed by section 59:8-8 of
> [the Tort Claims Act] or to file a motion
> seeking leave to file a late notice of claim
> within a reasonable time thereafter . . . .

Notwithstanding the statute's explicit reference to Superior
Court, this Court finds that it has jurisdiction to consider
motions to file late notices of tort claims, so long as this
Court applies New Jersey law in doing so, as it does.  See Rolax
v. Whitman, 175 F. Supp. 2d 720 (D.N.J. 2001) (adjudicating
motion to file late notice of tort claim), aff'd 53 F. App'x. 635
(3d Cir. 2002);      Forcella v. City of Ocean City, 70 F. Supp.
2d 512 (D.N.J. 1999) (same); Cliett v. City of Ocean City, 2007
U.S. Dist. LEXIS 62535 (D.N.J. Aug. 24, 2007) (Simandle, J.)
(same).  Contra, Nieves v. Ortiz, 2007 U.S. Dist. LEXIS 44233
(D.N.J. June 19, 2007)(Debevoise, J.) (staying matter for state
court to adjudicate motion to file late notice of tort claim
after finding district court lacked jurisdiction to do so).

    [4]  According to the New Jersey Supreme Court, the purpose of
adding the phrase "extraordinary circumstances" in the 1994
amendment to the Tort Claims Act was to "raise the bar for the
filing of late notice from a 'fairly permissive standard' to a
'more demanding one.'" Beauchamps v. Amedio, 164 N.J. 111, 118
(2000).

circumstances" is to be determined by the courts on a case-by-case basis.  Rolax v. Whitman, 175 F. Supp. 2d 720, 730-31 (2001), aff'd, 53 F. App'x. 635 (3d Cir. 2002); S.P. v. Collier High Sch., 319 N.J. Super. 452, 465 (App. Div. 1999).

3.   Further, as Egg Harbor concedes, the discovery rule applies under the Tort Claims Act when the victim is either unaware of the injury or does not know that a particular party is responsible for it.  (Def. Br. at 8) (citing Villalobos v. Fava, 342 N.J. Super. 38, 46 (App. Div.) certif. denied 170 N.J. 210 (2001)).  Both Egg Harbor and Plaintiff acknowledge that Plaintiff was unaware, at the time of her alleged injury, that Egg Harbor had injured her.  They dispute when she became aware of Egg Harbor's role in the underlying injury.[5]

4.   Plaintiff alleges that an individual police officer, Defendant DeAngelis, who was in the employ of Egg Harbor Township at the time, conspired with Plaintiff's neighbor to release nonpublic information about her in order to cast Plaintiff in a bad light.  DeAngelis allegedly accessed this confidential information on December 29, 2006.  Plaintiff's neighbor publicized the information sometime in January or February 2007.

---

[5]  Although Defendant DeAngelis is a public employee also protected by the Tort Claims Act, he has not opposed this motion or otherwise appeared in this action.  Nevertheless, the Court finds, on the record before it, that Plaintiff was unaware of DeAngelis's involvement in this action until April 2007 and therefore, her notice of tort claim was timely as to him.

5.   Egg Harbor claims that Plaintiff became aware that she potentially had a claim against it on February 6, 2007, at the latest, when she met with individuals at the Egg Harbor Police Department who told her that they believed a high ranking Egg Harbor police officer had released the information.

6.   Plaintiff claims that although she and her husband met with Egg Harbor police in February 2007, the police did not specify how the information was released and noted only that there was an investigation.  Plaintiff also alleges that the police insisted they needed Plaintiff's assistance and that therefore she believed bringing a lawsuit at that time would compromise Egg Harbor's investigation.

7.   Plaintiff claims that she learned the investigation had terminated and that Defendant DeAngelis had been arrested when a news article reporting those events was published on April 28, 2007.  (Pl.'s Ex. A.)

8.   Plaintiff filed her notice of tort claim on May 25, 2007.

9.   According to Egg Harbor, Plaintiff filed her claim 108 days after she discovered her claim, that is, eighteen days late. Egg Harbor claims that Plaintiff's desire not to interfere with its ongoing investigation does not constitute extraordinary circumstances.

10.   This Court disagrees with Egg Harbor.  Assuming that

Plaintiff became aware that Egg Harbor was potentially liable for her claims in this case on February 6, 2007, as Egg Harbor alleges, her decision not to initiate her own civil litigation until the investigation ended should be excused.  It is extraordinary for an individual to have both a claim against a law enforcement agency and an interest in assuring the efficiency and privacy of that agency's investigation of its own officers. In such situations, the New Jersey courts would likely encourage citizen cooperation with law enforcement authorities and not punish such cooperation by depriving tort victims of their proper claims.

11.  There is no claim that Egg Harbor would be substantially prejudiced by permitting the late notice, and this Court specifically finds that it would not be.  Egg Harbor Township was aware, earlier than Plaintiff was, of the potential claim against it.  Because of the related internal affairs investigation, there is no claim that any evidence was lost that would have been preserved had Plaintiff filed the notice of tort claim within the ninety-day time limit, that is, eighteen days earlier than she did.  Therefore, there is no prejudice to Egg Harbor and certainly no substantial prejudice.

12.  Of course, if Plaintiff's claim accrued in April 2007, as she alleges, then her notice of tort claim would be timely and no excuse would be required.

6

13.   In either case, the Court shall grant Plaintiff's
motion to excuse her late notice of tort claim.  An appropriate
Order shall be entered.


**February 19, 2008**                          **s/ Jerome B. Simandle**
Date                                           Jerome B. Simandle
                                               U.S. District Judge